UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TANYA D. BEERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-CV-636 JVB |
| | ) | |
| CLEAN SEAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On September 18, 2007, Defendant Clean Seal, Inc., terminated Plaintiff Tanya Beery. Plaintiff sued Defendant for violation of Title VII of the Civil Rights Act of 1964 and Section 623(a) of the Age Discrimination in Employment Act by engaging in age-based discrimination and retaliation.

The Defendant moved to dismiss this case in accordance with Federal Rule of Civil Procedure 12(b)(6) to which the Plaintiff objected. Having reviewed the parties briefs and accompanying materials, the Court now denies the Defendant's motions.

**A.     Standard for Evaluating a Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set

forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996). Under the Federal Rules of Civil Procedure, the plaintiff need only "set out in [her] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir.1999). However, a plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support her claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767–68 (7th Cir. 1984). The complaint must allege facts that sufficiently set forth the essential elements of a cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). The court may consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

B.     **Factual Allegations**

Plaintiff began her employment with Defendant around June 10, 1999, in the production department.  In the beginning of 2003, Plaintiff learned that the Defendant was having financial difficulties and would begin downsizing its workforce.  Plaintiff was eventually promoted to a warehouse position where, starting in February 2003, she began receiving unfavorable reviews.  Plaintiff was transferred back to the production department in mid-year 2003 after allegedly making mistakes.  Plaintiff also contends that Defendant began terminating co-workers based on age.

For the next several years, Plaintiff claims, Defendant singled her out and treated her

differently than younger employees. On June 8, 2006, Defendant placed Plaintiff on three months probation for having a work rate deemed insufficient. Plaintiff also contends Defendant's Director of Operations Jeremy Kotz and her supervisor Tasha Klipich harassed her. As a result of the alleged harassment and continued employee downsizing, Plaintiff offered to take a layoff sometime in 2006. Plaintiff was denied the layoff. Defendant gave Plaintiff two more poor work performance evaluations on October 19, 2006, and January 10, 2007. Nevertheless, Plaintiff contends these reviews were the result of harassment related to her age. Later in 2006, Defendant told Plaintiff she would need to change from the first shift to third shift to keep her job. Plaintiff continued to work on the first shift and was never told to report to the third shift.

On January 25, 2007, Plaintiff filed a Charge of Discrimination with the Indiana Civil Rights Commission and the EEOC. In April 2007, Plaintiff noted in her filed charges that Defendant had only two employees over the age of forty and one was the nephew of the Clean Seal's owner.

In September 2007, Plaintiff was provided paperwork by her supervisor to evaluate her own work performance. Plaintiff was hesitant to complete the paperwork and, several days later, was called to again evaluate her work performance. This time, she did evaluate her performance and gave herself the highest possible rating, 5 out of 5, for every category. Plaintiff was accused of giving the evaluation no thought and she left the office. Several minutes later she was terminated.

Plaintiff is claiming the acts constituted aged-based discrimination and retaliation, prohibited by Title VII of the Civil Rights Act of 1964, the ADEA at Section 623(a), and

equitable relief.

**B.     The Defendants' Contentions**

The Defendant advances two reasons why this case should be dismissed. First, the Defendant contends that the Plaintiff's Complaint does not raise a right to relief. The Defendant claims the Plaintiff does not allege any facts "above the speculative level" and instead relies entirely on statements such as she "felt like" she was being harassed and "noticed she was being treated different than other employees, who had less seniority and were younger." [Def. Mem. Sup. Mot. Dismiss 4].

The Defendant also contends that the Plaintiff's Complaint does not give Clean Seal fair notice of the claim. [Def. Mem. Sup. Mot. Dismiss 6]. Defendant claims that, since "no specific instances of retaliatory behavior by Clean Seal other than termination" or "any description of how Plaintiff was treated differently" were provided, Defendant is not given fair notice of the Plaintiff's claims. (emphasis removed). [Def. Mem. Sup. Mot. Dismiss 6].

**C.     Discussion**

**(1)    *Right to Relief***

The Court must decide whether the Plaintiff's Complaint provides a right to relief. "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (U.S. 2007). A plaintiff does not need to plead detailed factual allegations, but his

4

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions.  A formulaic recitation of the elements of a cause of action will not do.  Factual allegations must raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  *Creed v. Family Express Corp.* 101 Fair Empl. Prac. Cases (BNA) 609 (N.D. Ind. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (U.S. 2007).

Defendant relies on Judge Miller's ruling in *Creed v. Family Express Corp.* to assert that Plaintiff's claim is speculative and therefore subject to dismissal.  101 Fair Empl. Prac. Cases (BNA) 609 (N.D. Ind. 2007).  In *Creed*, the plaintiff's claim was based on a request to act more masculine while being in the middle of a gender transition from male to female.  When the plaintiff refused to comply with the request, she was terminated and brought suit.

The Defendant's reliance on *Creed* is misplaced.  Defendant's Memorandum states that "this Court dismissed part of the plaintiff's complaint of alleged discrimination based on her transgender status as 'speculative.'"  [Def. Mem. Sup. Mot. Dismiss 5].  While this is correct, Judge Miller did not grant the Motion to Dismiss on these counts because the plaintiff's allegations or conclusions were speculative, as Defendant here asserts, but because the legal claim itself was speculative.  In *Creed*, the plaintiff claimed the discrimination was based on her status as a transsexual but prior case law had held that being a transsexual was not protected under Title VII.  *Ulane v. Eastern Airlines, Inc.,* 742 F.2d 1081, 1087 (7th Cir. 1984).  Rather those cases stated that Title VII served to protect employees from discrimination based on sex. See *Spearman v. Motor Co.,* 231 F.3d 1080, 1084 (7th Cir. 2000); *Ulane v. Eastern Airlines Inc.,* 742 F.2d 1081, 1084 (7th Cir. 1984).  Thus *Creed* is not analogous to the current case because

5

there is no question that age discrimination is prohibited.  *See* 29 U.S.C. § 631.

Defendant also argues that Plaintiff's allegations only state that she was treated differently because of seniority and not age.  The Defendant is correct in its assertion that seniority is not synonymous with age and, further, that it is lawful to take seniority into account when making employment decisions without such deliberations being necessarily age-based. *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609 (1993)*; Mills v. First Fed. S & L Ass'n,* 83 F.3d 833, 846 (7th Cir. 1996). In her Amended Complaint, the Plaintiff does state that the alleged discriminatory actions were based on seniority *and* age.  She further alleges she was harassed and ultimately terminated as a result of a company-wide practice against individuals who are protected by the ADEA at Section 623(a) and Title VII of the Civil Rights Act of 1964.  These allegations are sufficient to satisfy the requirements for a viable complaint.

**(2)**     *The Issue of Fair Notice*

The Court must now determine whether the Plaintiff gives Defendant fair notice of her claims.  "Rule 8(a)(2)'s 'short and plain statement of the claim' must contain a minimal level of factual detail, although that level is indeed very minimal."  *EEOC v. Concentra Health Serv., Inc.,* 496 F.3d 773, 779 (7th Cir. 2007).

Defendant cites *Concentra* as an example of the Seventh Circuit's analysis of unsuccessful pleadings.  Defendant correctly points out that the Seventh Circuit upheld the dismissal in *Concentra* because the EEOC's amended complaint only alleged "[the plaintiff] 'opposed [a] practice made an unlawful employment practice' by Title VII. [Def. Mem. Sup. Mot. Dismiss 5 (citing *Concentra* at 773).].

6

*Concentra* states that the "classic verbal formula is that a complaint need only be sufficiently detailed to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 779.  (citing *Bell Atlantic* at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).  "This formula captures a mood of liberal pleading that is enough to settle the sufficiency of most federal complaints" and is designed to "ensure that claims are determined on their merits rather than through missteps in pleading." *Id.*  (citing 2 James W. Moore, et al., Moore's Federal Practice § 8.04 (3d ed. 2006); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); *Connor v. Ill. Dep't of Natural Res.,* 413 F.3d 675, 679 (7th Cir. 2005)).  The Court states that forcing a plaintiff to plead detailed facts interferes with the goal of pleading and that "[m]ost details are more efficiently learned through the flexible discovery process." *Id.* at 779–780 (citing *Swierkiewicz,* 534 U.S. at 512–513; *Walker v. Benjamin,* 293 F.3d 1030, 1039 (7th Cir. 2002).  Despite going into great length about the liberal and flexible pleading standards, the Court still determined that the pleading did not give fair notice because "the amended complaint [did] not specify the nature of the conduct [the plaintiff] reported to the Human Resources Director other than to indicate that [the plaintiff] believed it violated Title VII." *Id.* at 776.

Unlike in *Concentra*, Plaintiff does gives fair notice of her claims.  She states that she was discriminated against because she was over the age of forty and, in retaliation for filing an EEOC and Indiana Civil Rights Commission charge, Defendant terminated her.  Defendant is made aware of the claims brought against it and the nature of the conduct in question.  Further detailed facts and explanations are best left to the flexible discovery process.  *Id.* at 779–790 (citations omitted).

7

**D.** **Conclusion**

For these reasons, the Court Denies the Defendants' Motions to Dismiss, and this case may proceed forward.

SO ORDERED on July 23, 2008.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION