UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TANYA D. BEERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-636 CAN |
| | ) | |
| CLEAN SEAL INC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On December 28, 2007, Plaintiff, Tanya D. Berry ("Berry"), filed her complaint in this Court. On February 12, 2009, upon the consent of the parties, this case was reassigned to the undersigned for all purposes. On October 28, 2009, Defendant, Clean Seal Inc. ("Clean Seal"), filed a motion for summary judgment. On November 30, 2009, Beery filed a response in opposition. This Court may now enter its ruling on all pending matters pursuant to the parties' consent and 28 U.S.C. § 636(c).

**I.   FACTS**

The following facts are primarily undisputed by the parties. Where the facts are in dispute, this Court has determined that the disputes are not material to the resolution of Beery's claims.

Beginning on June 10, 1999, Beery was employed by Clean Seal as a factory worker. At the time of her filing Beery was fifty-four years old. Clean Seal is a manufacturer of extruded rubber and gasket products and maintains its operations in South Bend, Indiana. Although Beery received periodic raises during her time at Clean Seal, Beery also frequently incurred

documented, employee discipline and performance criticism due to problems related to her performance, attitude, and communication with co-workers.

For example, on February 13, 2003, Beery was issued a notice due to unacceptable work speed. In addition, on four occasions between March 2004 and October 2005, Beery was issued warnings due to improper and inefficient operation of her machine, affecting the quality of the product and causing excessive waste of material. Further, beginning around 2006, Beery's supervisors and co-workers began noticing that Beery was avoiding interaction and verbal communication with her co-workers. On June 14, 2006, Beery was given a performance appraisal and was cited for problems regarding efficiency and communication. As a result, Beery was placed on probation for a period of ninety days.

On February 7, 2007, Beery submitted a charge with the EEOC Indianapolis District Office alleging that the disciplinary actions were motivated by age discrimination. Shortly after the filing, Berry claims that Clean Seal began marking her work-product with the number "666," which Beery considered a reference to the Biblical number and an attempt by Clean Seal to harass her for filing her EEOC charge.

On September 8, 2006, at the end of the probation period, a performance follow-up was conducted, which indicated that Beery needed continued improvement in the areas of production speed, teamwork, and following orders. Beery was advised that future performance problems could result in termination but was, nevertheless, still afforded a modest raise.

Thereafter, Beery continued to incur disciplinary action for her performance and communication problems. On February 15, 2007, Beery was issued a notice due to her self-imposed isolation and ongoing communication problems with her co-workers. In addition, on

four more occasions between October 2006 and July 2007, Beery was again issued warnings due to improper and inefficient operation of her machine.

As a part of its annual performance reviews, Clean Seal required its employees to complete self-evaluations. The purpose of employee self-evaluations was to identify areas where Clean Seal and its employees needed to better communicate and work to resolve performance problems. In each of the previous years, Beery had completed her employee self-evaluation without incident. However, in September 2007, Beery did not complete the employee self-evaluation by the deadline. On September 17, 2007, Beery was provided another copy of the self-evaluation form and told to have it completed by September 18, 2007. Despite the new deadline, Beery chose not to complete the evaluation.

On September 18, 2007, Beery's supervisors responded by presenting Beery with a third copy of the evaluation and warned Beery that she would be terminated if the form was not completed by the end of the day. Immediately thereafter, Beery rapidly completed the form, awarding herself top scores in every category. Considering Beery's actions to amount to insubordination, Clean Seal terminated Beery's employment the same day. Beery does not dispute that she delayed completion of the form, but contends that she did so to avoid confrontation with her supervisors regarding her responses.

On December 28, 2009, Berry filed a complaint in this Court alleging that Clean Seal's performance evaluations were motivated by age discrimination and alleging that Clean Seal retaliated against her for filing the original EEOC charge, by both physically marking her work product with the number "666" and terminating her employment.

## II.     ANALYSIS

A.      Summary Judgment Standard

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001).  In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings.  Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial.  Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Servs. Co., 391 U.S. 253, 289 (1968)).

B.      Beery Fails to Establish a *Prima Facie* Case of Discrimination.

As stated in Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996), "not everything that makes an employee unhappy is an actionable adverse action.  Otherwise, minor even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'"  This case resonates with this warning.  Beery claims two

4

violations under the ADEA and Title VII: (1) that she was discriminated against because of her age, and (2) that she was improperly retaliated against for filing a claim with the EEOC.

To prove age discrimination under either the ADEA or Title VII, Beery may proceed either with direct evidence or under the burden shifting method of <u>McDonnell Douglas Corp. v. Beery</u>, 411 U.S. 792 (1973). <u>See</u> <u>Richter v. Hook-SupeRx, Inc.</u>, 142 F.3d 1027, 1028 (7th Cir. 1998). Direct evidence can either be: (1) an admission by the decision maker that her actions were based on the prohibited discrimination, or (2) a convincing mosaic of circumstantial evidence that points directly to a discriminatory reason for the employer's action. <u>Davis v. Con-Way Transp. Central Express, Inc.</u>, 368 F.3d 776, 783 (7th Cir. 2004); <u>Chiaramonte v. Fashion Bed Group, Inc.</u>, 129 F.3d 391, 396 (7th Cir. 1997); <u>Radue v. Kimberly-Clark Corp.</u>, 219 F.3d 612, 616 (7th Cir. 2000). Beery offers no evidence that constitutes an admission by a decision maker that Beery was treated differently because of her age. Furthermore, Beery offers no mosaic of evidence that points directly to discrimination because of her age as the reason for Clean Seal's actions. Indeed, nothing Beery offers constitutes direct evidence.

Because Beery does not offer direct evidence of discrimination, this Court must consider whether Beery has provided sufficient evidence under the burden shifting method of <u>McDonnel Douglas</u> to survive summary judgment. <u>See</u> <u>e.g.</u> <u>Blise v. Antaramian</u>, 409 F.3d 861, 866 (7th Cir. 2005) (analyzing a plaintiff's claim under burden shifting method because plaintiff did not offer direct evidence or argue that it existed).

Under the burden shifting method, Beery must establish by a preponderance of the evidence that: (1) she was a member of a protected class;(2) she suffered a materially adverse employment action; (3) her job performance was meeting her employer's legitimate

5

expectations; and (4) similarly situated employees outside of the protected class were treated more favorably. Richter, 142 F.3d at 1028. See also McDonnell Douglas Corp., 411 U.S. at 802; Williams v. Williams Elecs., Inc., 856 F.2d 920, 922-23 (7th Cir. 1988). The parties concede the first element. As such, this Court will consider the following three elements.

        1.        Adverse Employment Action

Adverse employment actions extend beyond readily quantifiable losses, but not everything that makes an employee unhappy is an actionable adverse action. Smart, 89 F.3d at 441. Only a severe or pervasive change in the daily conditions of employment may be treated as discriminatory. Wash. v. Ill. Dept. of Revenue, 420 F.3d 658, 660-61 (7th Cir. 2005). For example, a mere change in title has been found not to be an adverse action. See Crady v. Liberty Nat'l Bank & Trust Co. of Ind., 993 F.2d 132 (7th Cir. 1993). Likewise, a "bruised ego" does not constitute an adverse employment action. See Flaherty v. Gas Research Inst., 31 F.3d 451, 457 (7th Cir. 1994). Because adverse actions can come in many shapes and sizes, a court should consider the particular factual background of each situation when analyzing whether an adverse action is material. Bryson v. Chi. State Univ., 96 F.3d 912, 916 (7th Cir. 1996).

The parties do not dispute that Clean Seal's disciplinary actions and Beery's termination constitute adverse employment actions, and this Court assumes that they qualify under the definitions set forth by this Circuit. However, this Court concludes that Beery's other claim does not qualify.

Specifically, Beery additionally argues that, following her filing of an EEOC charge in February of 2007, Clean Seal began marking her work with the number "666." Beery claims that the purpose of marking her product in that manner was to intimidate her, referencing the

Biblical significance of that number. In contrast, Clean Seal responds that it regularly marked its raw material with that number. In particular, Clean Seal explains that each shipment of the raw material used in production would arrive in a 4,000 foot-long spool, which Clean Seal routinely divided into six equal, more manageable portions, resulting in measurements of approximately 666.67 feet per portion. Clean Seal additionally notes that it would then round down the measurement to 666 feet for inventory purposes.

To begin, this Court notes that Beery has offered no evidence beyond her own speculation, and a statement by a former Clean Seal employee that Clean Seal never cut its material in lengths ending with odd numbers, to rebut Clean Seal's explanation regarding the markings. Without more, Beery's assertions cannot establish that Clean Seal's actions were motivated by Beery's EEOC filing. Further, even assuming that Clean Seal employees marked Beery's work with the number "666" for purposes other than routine measuring, Beery has failed to articulate what harm she incurred as a result of that action. As such, this Court concludes that the only adverse employment actions that are relevant to the immediate dispute are Clean Seal's disciplinary actions and Beery's ultimate termination.

2. Legitimate Employment Expectations

Beery cannot establish that she was performing her job satisfactorily. One must perform her job to the employer's legitimate expectations at the time of the adverse employment action. Luckie v. Ameritech Corp., 389 F.3d 708, 715 (7th Cir. 2004).

Clean Seal maintains that it expects its employees to follow manufacturing protocols and procedures in order to maximize speed and product quality. Clean Seal additionally contends that it considers employee attitude and teamwork of high importance to Clean Seal's successful

7

manufacturing operation. Further, Clean Seal considers it highly important to its operations that employees obey instructions and directives from superiors.

Despite these expectations, Clean Seal notes a long history of disciplinary actions taken in regards to Beery's performance and communication prior to her termination. Such actions included at least ten warnings and a ninety-day probation period. Clean Seal argues that such performance problems evidences that Beery was not meeting its legitimate expectations. In addition, Clean Seal argues that, despite repeated warnings to compel Beery to complete her 2007 annual performance review, Beery refused to adequately participate in the exercise. As such, Clean Seal maintains that it was justified in terminating Beery's employment, contending that Beery's actions amounted to insubordination.

In her brief, Beery does not refute that she incurred numerous disciplinary actions based on her performance and communication and does not refute that she refused to timely complete her 2007 review. Instead, Beery argues that Clean Seal's disciplinary actions were motivated by Beery's age and internal pressure to downsize the company. As such, Beery argues that she was meeting Clean Seal's expectations, and Clean Seal was primarily motivated by Beery's age in taking disciplinary action against her and terminating her employment. In support, Beery asserts that she does not know of any younger Clean Seal employees having received similar disciplinary action. Despite her assertions, however, Beery offers no evidence besides her own affidavit to substantiate her arguments. As such, it is clear that Beery can not demonstrate that she was performing her job satisfactorily, a necessary element to establish a *prima facie* case of age discrimination.

       3.      <u>Less Favorable Treatment</u>

8

Similarly, Beery has failed to submit evidence sufficient to establish that she was treated less favorably than other Clean Seal employees who were outside of her protected class. Indeed, Beery submits no evidence beside her bare assertions that Clean Seal was attempting to downsize its workforce by terminating its older employees and that two younger Clean Seal employees, Drew Borich and Jeff Six, were not subject to disciplinary action. In contrast, Clean Seal responds with evidence that, during the relevant time period, Clean Seal employed numerous workers within Beery protected class and that several of its younger employees, including the two mentioned by Beery, also received disciplinary write-ups for poor performance.

To begin, Clean Seal submits statistical evidence from the same time period as Beery's employment to evidence that Clean Seal employed a significant number of employees in Beery's protected class and to evidence that Clean Seal disciplined its older employees on par with its younger employees. For example, Clean Seal submitted evidence which establishes that in 2005, Clean Seal employed fifty-four people, twenty-two of which were age 40 or older. Among those who received warnings related to quality, ten of those employees were age 40 or older and fifteen were under the age of 40. In 2006, Clean Seal employed fifty-one people, twenty of which were age 40 or older. Among those who received warnings related to quality, eight of those employees were age 40 or older and ten were under the age of 40. In 2007, Clean Seal employed approximately fifty-two people, nineteen of which were age 40 or older. Among those who received warnings related to quality, eight of those employees were age 40 or older and sixteen were under the age of 40.

9

In addition, Clean Seal submits evidence to refute Beery's assertion that the Drew Borich and Jeff Six received more favorable treatment. For example, Clean Seal notes that in 2005, Beery received two warnings related to quality; Drew Borich received one; and Jeff Six received four. In 2006, Beery received one warning related to quality; Drew Borich received two warnings; and Jeff Six received one. In 2007, Beery received three warnings related to quality; Drew Borich received one; and Jeff Six did not receive any because he left Clean Seal for another job early in the year.

Given the strength of Clean Seal's statistical evidence as compared to Beery's bare assertion of less favorable treatment based on age, this Court finds that Beery can also not establish that she was treated less favorably than other Clean Seal employees who were outside of her protected class.

In summary, because Beery has failed to produce sufficient evidence to establish the requisite elements of performance of the employer's reasonable job expectations and less favorable treatment than other similarly situated individuals, not in Beery's protected class, this Court concludes that Beery can not establish a *prima facie* case of age discrimination. Having so concluded, this Court now moves to its analysis of Beery's claim of retaliation.

C.   Beery Fails to Establish a *Prima Facie* Case of Retaliation.

A claim for retaliation is considered separately even if the employee's claims of age discrimination that are the foundation for the retaliation claim are unfounded. Sweeney v. West, 149 F.3d 550, 554 (7th Cir. 1998). However, this Court finds that Beery can not establish a *prima facie* case of retaliation for the same reasons that she can not establish a discrimination claim.

In order to state a *prima facie* case of retaliation, Beery must show that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse action by her employer; (3) she was performing the job in a satisfactory manner; and (4) there is a casual link between her protected activity and the adverse action. Id. at 555. See also Stone v. City of Indianapolis Pub. Utils. Div., 281 F.3d 640, 643 (7th Cir. 2002).

This Court has already determined that the marking of Beery's work with the number "666", did not constitute an adverse employment action. In addition, this Court has already found that Beery can not show that she was performing her job in a satisfactory manner, evidenced by her long history of disciplinary action and her refusal to complete her 2007 performance evaluation at Clean Seal's request. Finally, apart from her own unsupported assertions, Beery does nothing to establish a causal connection between her EEOC filing and the actions which she claims were retaliatory. As such, this Court concludes that Beery has failed to provide sufficient evidence to establish a *prima facie* case of retaliation.

D.  Beery Offers No Evidence that Clean Seal's Reasons Were Pretextual.

However, even if Beery could establish a *prima facie* case of either age discrimination or retaliation, and this Court believes she cannot, she must still posit evidence that suggests Clean Seal's proffered reasons are merely pretexutual. Initially, the burden shifts to Clean Seal to articulate a non-discriminatory justification for its action. Richter, 142 F.3d at 1028. If Clean Seal offers a non-discriminatory justification, Beery is still required to present sufficient evidence to create a triable issue concerning whether Clean Seal's proffered reason is merely pretexutual. Id.

Clean Seal claims that it disciplined Beery based on poor performance and communication problems. In addition, Clean Seal argues that it terminated Beery's employment because of Beery's continued refusal to complete her 2007 performance evaluation, which Clean Seal's supervisors considered insubordination. Finally, Clean Seal asserts that the marking of Beery's work product with the number "666" was due to routine processing of raw product.

Because Clean Seal has proffered legitimate nondiscriminatory reasons for its actions, Beery, then, has the burden to present some evidence to create a genuine issue of whether Clean Seal's proffered reasons are merely a pretext. Richter, 142 F.3d at 1028. Pretext means something worse than a business error, such as deceit to cover one's tracks. Davis, 368 F.3d at 784. The focus of the pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well considered. Id.

The only thing Beery offers to prove her theories of age discrimination and retaliation is her subjective belief that Clean Seal's actions were motivated by Beery's age and the pressures to downsize the company. However, Beery has failed to point to any comments, letters, communications, actions by employees or supervisors, or anything to suggest Clean Seal treated her differently on account of Beery's age or filings with the EEOC. Without any concrete evidence to the contrary, Beery's subjective belief is nothing more than speculation. "Speculation does not create a genuine issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment." Hedberg v. Ind. Bell Tel. Co., 47 F.3d 928, 932 (7th Cir. 1995). Beery cannot survive summary judgment because she offers no evidence to create a triable issue as to whether Clean Seal's reasons were merely a pretext.

**III.    CONCLUSION**

With regard to summary judgment, Beery has failed to establish a *prima facie* case of age discrimination or retaliation. Furthermore, even if Beery could establish a *prima facie* case, she has failed to offer any evidence that Clean Seal's proffered reasons were merely pretextual. Accordingly, this Court **GRANTS** Clean Seal's motion for summary judgment in regards to all of Beery's claims. [Doc. No. 32]. The Clerk is instructed to enter judgment in favor of Clean Seal.

**SO ORDERED.**

Dated this 8th Day of December, 2009.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge